RECEIVED
IN LAKE CHARLES, LA
JUN 14 2013
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:10CR00015-001 |
| VS. | : | JUDGE MINALDI |
| CEASAR A. LANDEROS-FUENTES | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is Ceasar A. Landeros-Fuentes's ("Landeros-Fuentes") Motion pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct His Sentence. (Rec. Doc. 34). The Government filed an Answer (Rec. Doc. 39). The defendant filed a Reply. (Rec. Doc. 40).

Also before the court is the defendant's Motion for an Extension of Time (Rec. Doc. 33) to File the §2255 motion. For the reasons set forth herein, both motions ARE DENIED.

The Government asserts that this motion should be dismissed as untimely. In his motion for an extension of time to file his §2255 motion, although not using the term, the defendant argues that he is entitled to equitable tolling which would make his motion timely.

Landeros-Fuentes does not dispute that he filed his §2255 motion outside the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104–132, 110 Stat. 1214 (1996). However, he argues that he is entitled to equitable tolling because he could not file his motion due to circumstances beyond his control, such as the facility being on lockdown.

A prisoner whose conviction is final but believes that his sentence was imposed in violation

of the Constitution or federal law may seek relief from his conviction and sentence by filing a motion under 28 U.S.C. § 2255 with the court that imposed his sentence. 28 U.S.C. § 2255(a). He must file such a motion within one year of the latest of four triggering dates, including the date on which the judgment of conviction becomes final. *Id.* § 2255(f). A judgment becomes final when the time for seeking review of that judgment expires. *Murphy,* 634 F.3d at 1307. In this case, Landeros-Fuentes's motion had to be filed before November 22, 2012 to be timely. It was not filed until January 25, 2013.

If a defendant attempts to file outside this limitations period, a district court may still review his motion if he is entitled to equitable tolling. *San Martin v. McNeill,* 633 F.3d 1257, 1267 (11th Cir.), *cert. denied,* —— U.S. ——, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011). Equitable tolling is available if the prisoner demonstrates that (1) he has pursued his rights diligently and (2) an extraordinary circumstance prevented him from timely exercising his rights. *Holland v. Florida,* 560 U.S. ——, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *see also Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000); *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000); *Calderon v. United States Dist. Court for Cent. Dist. of Cal. (Kelly),* 163 F.3d 530, 535 (9th Cir.1998) (en banc); *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.1998); *Miller v. New Jersey State Dep't of Corrections,* 145 F.3d 616, 618 (3d Cir.1998). The Supreme Court has clarified that the prisoner must pursue his rights with "reasonable diligence, not maximum feasible diligence." *Id.* at 2565 (quotations and citations omitted). The defendant bears the burden of demonstrating that extraordinary circumstances prevented the timely filing of a § 2255 motion such that equitable tolling applies, and mere conclusory allegations are not sufficient to raise the issue. *San Martin,* 633 F.3d at 1267–68. Equitable tolling is a rare and extraordinary remedy. *Id.*

at 1271; *Doe v. United States,* L 1138779, 1 -2 ( 11th Cir. 2012).

As an initial matter, we liberally construe Landeros-Fuentes's *pro se* argument that equitable tolling renders his motion timely because of a lack of fluency in the English language, a lack of computers in the facility and a total lockdown of the facility.

The first question the court must ask is if the defendant pursued his rights diligently. The defendant asserts that he was making an effort to prepare his §2255 motion and that he had found an individual to assist him, but this individual was taken to the SHU for approximately two months and then transferred to another housing unit, making it difficult for them to collaborate. From the record before the court, it appears that the defendant pursued his claim diligently. However, he has failed to show any extraordinary circumstance for his failure to comply with AEDPA's one year statute of limitations.

Inadequate prison legal resources, without more, do not constitute extraordinary circumstances warranting equitable tolling. *See Jones v. United States,* 689 F.3d 621, 627 (6th Cir.2012).

Landeros-Fuentes found another inmate to help him prepare his filing. The fact that someone else was helping to prepare the documents does not relieve the defendant from the personal responsibility of complying with the law. *See Marsh v. Soares,* 223 F.3d 1217, 1220 -1221 (10th Cir. 2000); *Henderson v. Johnson,* 1 F.Supp.2d 650, 655 (N.D.Tex.1998) (noting that although inmate had received assistance from fellow inmate, he could have filed the petition himself at any time); *see also Steed,* 219 F.3d 1298, 1300 (holding that attorney miscalculation of AEDPA time period did not justify equitable tolling). In *Martinez v. Kuhlmann,* 2000 WL 622626 (S.D. N.Y. 2000), the court held that the one-year limitation period under 28 U.S.C.A. § 2244(d)(1) is not equitably tolled by the petitioner's difficulty in finding other prisoners to assist in filing the habeas petition. The court

explained that granting equitable tolling for such a common problem would frustrate the objectives of the limitation period. The court added that, because the problem is common, it is not extraordinary. 19 A.L.R. Fed. 2d 491.

Landeros-Fuentes has not established extraordinary circumstances. Therefore equitable tolling does not apply and this §2255 will be dismissed as untimely.

Lake Charles, Louisiana, this 5 day of June, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE